THOMAS T. HECHT, P.C.
ATTORNEY AT LAW
729 SEVENTH AVENUE, NEW YORK, NEW YORK 10019
(212) 245-5556
leonard.hecht@hechtlaw.com

An "application to stay [Plaintiff's] removal proceedings . . . is an indirect challenge to the decision or action by the Attorney General to . . . adjudicate [the immigration] case[ ] against him," barred by 8 U.S.C. § 1252(g). *Jimenez Perez v. United States*, No. 9-CR-159, 2025 WL 1558578, at \*2 (S.D.N.Y. June 3, 2025).  Therefore, a stay of immigration proceedings would not be appropriate under these circumstances.

APPLICATION DENIED,
SO ORDERED
VERNON S. BRODERICK
U.S.D.J.                    4/16/2026

April 14, 2026

Judge Gary Stein
U.S. Magistrate Judge
U.S. District Court for the Southern District of New York

Re:    Turijan et. al. v. U.S. Department of Justice, et. al.,
       1:26-cv-02375-VSB-GS
       REQUEST FOR IMMEDIATE INJUNCTION

Dear Judge:

I represent the plaintiffs, two noncitizens whose son is an active duty member of the United States Navy. Plaintiffs, husband and wife, are in removal proceedings, and the Immigration Court set a merits hearing yesterday for tomorrow afternoon (April 15, 2026) when it is likely that the immigration judge will order them removed.  Despite plaintiffs' prior request to the Immigration Court to close the immigration case so that the parents could apply for parole in place from the U.S. Citizenship and Immigration Services, a program which enables parents whose children are members of the U.S. Uniformed Services to obtain parole which would be the first step to adjust status, the Immigration Court refused to do so.  USCIS will not accept parole in place applications if the aliens are under the immigration court's jurisdiction.  An order of removal would prevent Plaintiffs from applying for parole in place in the future.  On March 24, 2026, Plaintiffs filed a mandamus action (28 U.S.C. §1361 and the 5 U.S.C. §551, et. seq.) against the government to cause the government to enable the Plaintiffs to apply for parole in place. See, 8 C.F.R. §§1245/2(a)(1)(ii), 1240.1(a)(1)(iv), and 1003.18(d)(1)(i)(F), and 8 U.S.C. 1182(d)(5)(A).

In order to preserve the status quo and prevent Plaintiffs from suffering irreparable harm as a result of further adverse action by the Immigration Court which would prevent Plaintiffs from applying for immigration removal relief through parole in place, Plaintiffs respectfully request the Court to enjoin further proceedings by the Immigration Court pending a final decision by this Court. Given that USCIS makes the parole in place program available to aliens such as plaintiffs, the government in depriving aliens of applying for such relief violates plaintiffs' due process rights.

Respectfully,

/s/ Leonard H. Hecht
Leonard H. Hecht